IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:01-CR-42-1H
No. 4:16-CV-67-H

VANCE CHEYNEY HENDRICKSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #127]. Petitioner's motion for leave to file a reply, [DE #150], is hereby GRANTED, and petitioner's reply, [DE #151], is considered timely filed by this court. The government's motion for extension of time to file a response, [DE #170], is hereby GRANTED, and government's response, [DE #171], is considered timely filed by this court. Petitioner has also filed a motion for new sentencing hearing, [DE #163], and a motion to withdraw career offender argument, [DE #176]. This matter is ripe for adjudication.[1]

---

[1] On July 12, 2016, this court held in abeyance this matter pending resolution of Beckles v. United States, 137 S. Ct. 886 (2017), [DE #133]. On August 30, 2017, this court stayed the matter pending resolution of United States v. Brown, 868 F.3d 297 (2017), [DE #156], which stay was lifted, upon motion of the petitioner, on December 19, 2017, [DE #168].

**BACKGROUND**

On February 7, 2002, petitioner was found guilty by a jury, of unlawfully possessing a firearm as a prior convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute at least five (5) grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three). At petitioner's sentencing hearing on August 6, 2002, petitioner was found to be subject to an enhanced penalty under 18 U.S.C. § 924(e)(1) of the Armed Career Criminal Act ("ACCA"), having been previously convicted of New York second degree manslaughter[2]; Maryland manslaughter by vehicle; and New York first degree robbery. [PSR at 5-6 ¶¶15-17, at 10 ¶47; DE #146-1; DE #146-2; DE #146-3; DE #146-4].

Instead of a maximum term of imprisonment of ten years, petitioner was subject to a minimum term of imprisonment of fifteen years under the ACCA. [PSR at 10 ¶47]; see 18 U.S.C. §§ 924(e)(1) and (g) (2002). Petitioner was sentenced to a term of imprisonment of 262 months on Counts One and Two, to run concurrently, and 60 months on Count Three to be served consecutively to the term of

---

[2] The PSR incorrectly states this New York offense was third degree manslaughter, [PSR at 5 ¶15], but the certificate of disposition of indictment and judgment both provide this New York offense was second degree manslaughter, [DE #146-1 and DE #146-2].

2

imprisonment in Counts One and Two, for a total term of imprisonment of 322 months, with five years of supervised release on each count, to be served concurrently. [DE #46 at 2-3]. Petitioner appealed to the Fourth Circuit on August 9, 2002, and his conviction was affirmed by the Fourth Circuit in an unpublished opinion on June 9, 2003. [DE #52]. His petition for certiorari was denied by the Supreme Court on November 3, 2003.

Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on May 26, 2004, [DE #59, #64, #69], and the government's motion to dismiss this motion was granted on December 5, 2005. [DE #74]. Petitioner appealed this dismissal, [DE #78], and the Fourth Circuit dismissed the appeal on August 18, 2006, [DE #83]. Petitioner filed another motion to vacate under § 2255 on July 30, 2012, [DE #92], which motion was dismissed on October 24, 2013, [DE #104]. Petitioner, by and through counsel, filed another motion to vacate under 28 U.S.C. § 2255, [DE #118], on March 17, 2016. This court dismissed the motion without prejudice for the petitioner to seek authorization to file this application in the Eastern District of North Carolina. [DE #122]. On May 16, 2016, the Fourth Circuit granted authorization to petitioner to file a second or successive § 2255 motion, "thus permitting consideration of the motion by the district court in the first instance." [DE #126]. Petitioner, by and through counsel, filed the instant

motion to vacate his sentence under 28 U.S.C. § 2255 on May 17, 2016.[3] [DE #127].

Petitioner contends his motion to vacate should be granted for two reasons. First, petitioner contends he is no longer an armed career criminal under the Armed Career Criminal Act as two[4] of the predicate convictions used to enhance his punishment under the ACCA can no longer be considered crimes of violence in light of Johnson v. United States, 135 S. Ct. 2551 (2015). [DE #127 at 4]. Second, petitioner argues also in light of Johnson, he is no longer a career offender and that Beckles v. United States, 137 S. Ct. 886 (2017), does not apply to his case because Beckles analyzed the applicability of Johnson to advisory guidelines, rather than the pre-United States v. Booker, 543 U.S. 220 (2005) mandatory guidelines as here. [DE #146 at 1, 9-13].

## COURT'S DISCUSSION

### I. Petitioner's Motion to Withdraw Career Offender Argument

Petitioner moves to withdraw his second claim regarding the application of Johnson to the mandatory guidelines, as this motion is untimely in light of the Fourth Circuit's recent decision in

---

[3] The court notes the instant motion is an almost identical reiteration of petitioner's motion to vacate at DE #118, excepting the signing date of counsel.
[4] Petitioner contends the exclusion of his convictions for involuntary manslaughter settles the issue of whether he qualifies for a sentence enhancement under the ACCA, but he does not concede that the New York offense of first degree robbery qualifies to increase his sentence. [DE #146 at 4 n.1]. As noted below, the court agrees the convictions for involuntary manslaughter are not violent felonies under the ACCA, and therefore does not address New York first degree robbery.

4

United States v. Brown, 868 F.3d 297 (4th Cir. 2017), reh'g en banc denied, No. 16-7056 (Feb. 26, 2018). [DE #176 at 1]. The court notes the government agrees that this claim of petitioner has no merit in light of Brown, [DE #171 at 3-4; DE #178 at 2-3]. For the foregoing reasons, petitioner's motion to withdraw his career offender argument, [DE #176], is hereby GRANTED.

## II. Petitioner's Motion to Vacate

Petitioner argues in light of Johnson, New York second degree manslaughter and Maryland manslaughter by vehicle can no longer be considered crimes of violence under the ACCA. [DE #127 at 4; #146 at 4-9].

Petitioner has timely filed the instant motion to vacate on May 17, 2016, within one year from the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable. See Welch v. United States, 136 S. Ct. 1257 (2016) (declaring Johnson (holding the residual clause of the ACCA unconstitutional), retroactively applicable).

The parties, and the court, agree that in light of Johnson, petitioner is no longer an armed career criminal. Therefore, petitioner's motion to vacate is GRANTED on this issue. Petitioner's motion for a new sentencing hearing is GRANTED. The court notes that while the government has requested the court to simply correct the sentence, the court declines to do so in this

5

matter. Petitioner's sentence shall be vacated, and he shall be resentenced.

**CONCLUSION**

For the foregoing reasons, petitioner's motions to withdraw career offender argument, [DE #176]; motion to vacate his sentence under 28 U.S.C. § 2255, [DE #127]; and motion for new sentencing hearing, [DE #163], are GRANTED. Therefore, petitioner's judgment is vacated, and this matter is SCHEDULED for resentencing during this court's June 12, 2018 term of court. Petitioner shall remain in custody pending the resentencing hearing. The Federal Public Defender of the Eastern District of North Carolina ("FPD") is DIRECTED to continue representing petitioner in connection with the resentencing.

The United States Probation Office is DIRECTED to provide a resentencing memorandum to the parties and the court. The clerk is DIRECTED to serve a copy of this order on the FPD and the USPO.

This 11th day of April 2018.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35

6